In The United States District Court
for The Middle District Of Louisiana

Michael D Nelson
    Plaintiff,

Civil Action No:
(To Be Supplied By The Court)

v.

Parish Of West Baton Rouge;
West Baton Rouge Parish Sheriff's
Office; Mike Cazes; Warden Allemon;
Major Judge; Lt. Deemer; U.S. Marshals Office
    Defendants

## Complaint

This action is brought by Michael D Nelson against the Parish of West Baton Rouge, the West Baton Rouge Sheriff's Office, Mike Cazes, Warden Rhonda Allemon, Major Judge; Lt. Deemer, pursuant to 42 USC Section 1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## Jurisdiction And Venue

1. The Court has jurisdiction over this action under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1331 and 1343 because this case involves a federal question.

2. This Court has supplemental jurisdiction over Nelson's related state law claims pursuant to 28 U.S.C. Section 1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 and 18 U.S.C. Section 1965 because the events that form the basis of this suit occurred in West Baton Rouge Parish, Louisiana.

## Parties

4. Plaintiff Michael Nelson is a resident of the full age of majority of the Parish of West Baton Rouge, State of Louisiana and the United States.

5. Defendants, Parish of West Baton Rouge and West Baton Rouge Sheriff's Office, are municipal corporations, organized and existing under the laws of the State of Louisiana.

6. Defendant, Mike Caze, was at all times referred to herein, the duly elected Sheriff of West Baton Rouge Parish.

7. Defendant, Warden Rhonda Alleman, was at all times referred to herein the Warden at West Baton Rouge Jail employed and serving under Sheriff Mike Caze.

8. Defendant, Major Judge, was at all times referred to herein was employed as a Major at the West Baton Rouge Jail and serving under Sheriff Mike Caze and Warden Rhonda Alleman.

9. Defendant, Lt. Deener, was at all times referred to herein was employed as a Lt. at the West Baton Rouge Jail and serving under Sheriff Mike Caze, Warden Rhonda Alleman and Major Judge.

10. At all times referred to herein all mentioned defendants were acting within the scope of their employment.

11. At all times referred to herein, all mentioned defendants were acting under color of the law, statutes, ordinances, regulations, policies, customs, and usages of the State of Louisiana and the Parish of West Baton Rouge.

## Statement of Facts

12. On 3/22/2024 while serving time in T-Dorm at the West Baton Rouge Jail upon using restroom/toilet the plaintiff noticed that both cameras in T-Dorm were aimed and focused on the toilets in T-Dorm.

13. On 3/24/2024 the plaintiff spoke with Deputy Morgan in T-Dorm to determine if the plaintiff was correct that both cameras in T-Dorm were aimed and focused on the two toilets in T-Dorm. And Deputy Morgan confirmed both cameras were focused on the toilets in T-Dorm.

14. On 3/25/2024 the plaintiff spoke to Deputy Brittany Morgan, whom also informed the plaintiff the both cameras in T-Dorm were focused on the toilets in T-Dorm. And that she Deputy Brittany Morgan knew her job is being over seen. Deputy Morgan had already notified the Warden and the US Marshals Office of this impropriety.

15. On 3/28/2024 the plaintiff filed his grievance at the West Baton Rouge Jail concerning the cameras in T-Dorm being aimed and focused on both toilets in T-Dorm which allowed staff 24 hr access to view the private areas of his body every time the plaintiff used the restroom.

3.

by giving the West Baton Rouge Grievance form to Lt. Holt, which was a Thursday. Due to the following day being Good Friday, none of the defendants worked.

16. Upon the named defendants return to work on Monday April 1, 2024, Major Judge and Lt. Decuir reviewed the plaintiffs' grievance. And then Major Judge and Lt. Decuir placed the plaintiff in lockdown H-Block at the West Baton Rouge Jail for having filed his grievance.

17. The severity of Nelson's injuries have had collateral effects on his mental health, his ability to communicate with his Atty concerning his pending federal case, his ability to communicate with his family and obstructed the plaintiffs access to the courts thus also affecting the plaintiffs quality of life.

4.

### Exhausting Requirement

18. Plaintiff submits the retaliation by the defendants described in paragraphs 12-17 are incorporated by reference as if fully set forth here and states the defendants retaliation has made the grievance system unavailable. See *Jones v. Givens*, 19-50465 (5th Cir. Aug. 30, 2021)

Count I

19. Section 1983 Claim against the Defendants for having violated the Plaintiff's 14th Amendment Constitutional Right of having meaningful access to the Courts and meaningful communication with his Attorney. Which under the 14th Amendment is guaranteed to prisoners. See Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)

20. The defendants have continued for months to deny, obstruct and impede the Plaintiff's ability to communicate with his Attorney and all defendants have developed an internal policy amongst them that when the plaintiff files a grievance at the West Baton Rouge Jail either prison administrators don't answer the plaintiff's grievance and/or retaliate against the Plaintiff for having filed his grievance by placing the Plaintiff in lockdown or threaten to place the plaintiff in lockdown if he files the grievance.

21. Which too is a denial of the Plaintiff's 14th Amendment Constitutional right to meaningful access to the Court. Because although prison administrators are given deference in developing policies to preserve internal order, such policies will not be upheld when they abridge meaningful access to the Courts. Sielof, 636 F.2d at 1143.

## Count II
### Claim Against Defendants for violating the Plaintiff's 1st Amendment Constitutional Right

22. The law is clear that taking action against an inmate in retaliation for the inmate's exercise of his 1st Amendment right to seek redress of grievances may amount to a violation of the inmate's right. See *Woods v. Smith*, 60 F.3d 461 (5th Cir. 1995); *Guillory v. Earl*, Civil Action No. 13-0675-SDD-RLB (M.D. La. Sept. 9, 2015)

23. The allegations of paragraphs 12-17 are incorporated by reference as if fully set forth herein.

24. As described above, the defendants clearly retaliated against the plaintiff by placing the plaintiff in lockdown for having exercised his 1st Amendment Right to seek redress of his grievances about the cameras in T-Dorm being focused on the toilets 7 days a week 24 hrs a day providing visual footage of the plaintiff's private body parts to the defendants as well as other prison staff, in violation of the plaintiff's constitutional rights. *Woods v. Smith*, supra; *Guillory v. Earl*, supra.

## Count III

1983 Claim against the defendants for having violated the plaintiff's constitutional right to unreasonable and without knowledge of visuals and searches of the private parts of his body 24 hours a day, 7 days a week everytime the plaintiff used the restroom or shower.

25. At the West Baton Rouge Jail in T-Dorm where the plaintiff was being held as a federal pretrial detainee in U.S. v. Michael Nelson, Case No. 19-127 (MDLA), the defendants have two cameras aimed and focused directly in the restroom on the toilets and shower area giving the defendants 24 hours a day, 7 days a week access to visualize and search the private parts of his body every time the plaintiff used the restroom or showered, male and female defendants alike.

26. Although the plaintiff was placed in T-Dorm due to Lt. Decena having been advised by another inmate that a hit had been placed on the plaintiff's life and prison officials could better protect the plaintiff in T-Dorm. The plaintiff does not have to trade to the defendants 24 hrs a day, 7 days a week access to visuals and searches of the private parts of his body for the defendants to protect him from violence at the hands of other inmates. As such is a duty of prison officials. See Johnson v. Lucas, 786 F2d 1254 (5th Cir. 1986)

8.

### Count IV

27. Civil 1983 claim against the defendants for their failure to protect the plaintiff from unjustified, unwanted and unknowing searches and video footage access to his private body parts from prison officials male and female alike in violation of PREA and the plaintiff's constitutional rights.

### Count V

28. Claim against the defendant for their discrimination against the plaintiff in their decision to initial place the plaintiff in T-Dorm rather than A-Dorm, And again in their decision to place the plaintiff in lockdown (H-Block) rather than A-Dorm at the West Baton Rouge Jail to meet the plaintiffs' security needs after the defendants had been made aware by another inmate that a hit had been taken out on the plaintiff's life.

Wherefore, premises are considered, the plaintiff prays that this Court grants him the following relief against the named defendants jointly, severally and in solido:

(a) Compensatory damages against all defendants in an amount to be determined at trial;

(b) Punitive damages against all defendants in an amount to be determined at trial.

(c) Cost of these proceedings and reasonable attorney's fees pursuant to 42 U.S.C. 1988

Respectfully Submitted
Michael D. Nelson
Michael D. Nelson Pro-Se
P.O. Box 620
Port Allen, LA. 70767

9.

Certificate of Service

I hereby certify that I have sent a true and correct copy of this civil lawsuit pursuant to Title 42 U.S.C. § 1983 and 1988 by US Postal Mail postage prepaid and properly affixed to the following:

Clerks Office
U.S. District Courthouse
Middle District of Louisiana
777 Florida Street
Baton Rouge, Louisiana 70801

On this 5th day of April, 2024

Respectfully Submitted

Michael Nelson Rose
P.O. Box 620
Port Allen, LA 70767

10.

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Michael Nelson

(Enter above the full name of each
plaintiff in this action.)

083923

Inmate (DOC) number

VERSUS

Warden Rhonda Altman, East Baton Rouge Parish Sheriff's Office, Mike Cazy, Mayor, Judge, Lt. Deemer, U.S. Marshal Office. See Attached Memorandum

(Enter above the full name of each
defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet includes two copies of a complaint form and one copy of the pauper affidavit.
**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original**.

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.
In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service cost, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in action or otherwise relating to your imprisonment? Yes ☐ No ☑

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit
         Plaintiff(s): [            ]

         Defendant(s): [            ]

      2. Court (if federal court, name the district; if state court, name the parish):
         [            ]

      3. Docket number: [            ]

      4. Name of judge to whom case was assigned: [            ]

      5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
         [            ]

6. Date of filing lawsuit:

7. Date of disposition:

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal courts as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ☑  No ☐

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

Michael Nelson v. Warden Rhonda Aleman, Civil Action No. 23-504-BAJ-SDJ and Michael Nelson v. Tracy LeBlanc, 10th pending in this court US District Court Middle District of Louisiana.

II. Place of present confinement: West Baton Rouge Jail lockdown (H-Block)

A. Is there a prisoner grievance procedure in this institution?
Yes ☑  No ☐

B. Did you present the facts relating to your complaint in the state grievance procedure?
Yes ☑  No ☐

C. If your answer is Yes: I was placed in lockdown (H-Block) for filing my complaint in a grievance.

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. None

2. What steps did you take?
I was place in lockdown (H-Block)

3. What were the results?
I was place in lockdown (H-Block)

D. If your answer is No, explain why not:
I was placed in lockdown (H-Block) for filing my initial complaint in a grievance at the West Baton Rouge Jail

3

III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Michael D. Nelson

Address PO Box 620 Port Allen, LA. 70767

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places employment of any additional defendants.

B. Defendant Mike Cazes is employed as Sheriff At West Baton Rouge Parish

C. Additional Defendants:
Warden Rhonda Allemon, Major Judge, Lt. Deemer, US marshals' Office Parish of West Baton Rouge; West Baton Rouge Sheriff's Office

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statues.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See Attach Civil Complaint

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues. Attach no exhibits.

See Attach Civil Complaint

4

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 8th day of April, 2024

/s/ Michael D. Nelson
/s/ Michael D. Nelson
Signature of plaintiff(s)

Michael D. Nelson
P.O. Box 620
Port Allen, La. 70767

SCREENED
OK
U.S. MARSHAL

Clerk's Office
U.S. District Court
Middle District of Louisiana
777 Florida Street, Ste 139
Baton Rouge, Louisiana 70801

Legal Mail:

PRISONER'S MAIL NOT CENSORED
NOT RESPONSIBLE FOR PAYMENT
WEST BATON ROUGE PRISON